```
           UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF LOUISIANA
```

ROBERT J. ARCENAUX                    CIVIL ACTION

VERSUS                                NO: 14-491

KNIGHT TRANSPORTATION, INC.           SECTION: B(1)


**ORDER AND REASONS**


Nature of Petition and Relief Sought:

Before the Court is Plaintiff's Motion to Remand and Defendants' opposition thereto (Rec. Docs. 8 & 9). Accordingly,

**IT IS ORDERED** that the Motion to Remand is **GRANTED**.

Cause of Action and Facts of Case:

On March 15, 2012, plaintiff Robert Arceneaux was driving a 2011 Ford Van traveling southwest in the left lane on Interstate 10 West. Defendant Paul Rothrauff was driving a 2009 Peterbilt tractor, towing a "box type cargo trailer" in the course and scope of his employment with co-defendant Knight Transportation, also heading in a southwest direction in the left lane on Interstate 10 West. Plaintiff was stopped on the interstate due to heavy traffic, and Defendant Rothrauff, travelling behind

1

Plaintiff, failed to bring his tractor to a stop in time and rear-ended Plaintiff's van.

Plaintiff filed suit in state court against Defendants Paul Rothrauff, Knight Transportation, Inc. ("Knight"), Peerless Insurance Company (Knight's liability insurer), and State of Louisiana, through the Department of Transportation and Development. As to Rothrauff, Knight, and Peerless Insurance Company, Plaintiff asserts claims for negligence, alleging that Defendant Rothrauff is liable for failing to drive carefully and prudently. As to State of Louisiana, through the Department of Transportation and Development ("LA DOTD"), Plaintiff alleges that LA DOTD designed the roadway in a dangerous and defective manner, was negligent in constructing and maintaining the roadway, and failed to warn oncoming motorists of frequent traffic congestion problems of which it had knowledge. (Rec. Doc. 1-2, p 3-4).

Defendants Knight and Paul Rothrauff removed pursuant to 28 U.S.C. § 1441(b) and 1446, asserting diversity jurisdiction under 28 U.S.C. § 1332(a) and contending that the non-diverse defendant, State of Louisiana, Department of Transportation and Development, was fraudulently joined. (Rec. Doc. 1 at 6-7).

2

Law and Analysis

A defendant may remove a case from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. 1441(a). Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir. 2000), citing *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988).

A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." 28 U.S.C. § 1332(a)(1). Fraudulent joinder provides a "narrow exception" to the complete diversity requirement for removal jurisdiction. *McDonal v. Abbott Labs.,* 408 F.3d 177, 183 (5th Cir. 2005).

If a non-diverse defendant has been improperly joined to an action, a party may remove the action "by showing (1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant." *Ross v. Citifinancial,*

*Inc.*, 344 F.3d 458, 461 (5th Cir. 2003), citing *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir.2003). The "burden of persuasion on those claiming fraudulent joinder" is "a heavy one." *Ross,* 344 F.3d at 462, citing *Travis,* 326 F.3d at 648.

The first prong of the improper joinder test is not at issue here. To prove the second prong of the test, the moving party must show "that there is no possibility of recovery by the plaintiff" against the non-diverse defendant, "which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

District courts may assess whether a plaintiff has "a reasonable basis of recovery under state law" in either of two ways. First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Second, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary

4

inquiry." *Id.* If a court decides to "pierce the pleadings" when assessing a claim of fraudulent joinder, it may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff," and resolve "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor. *Travis*, 326 F.3d at 648-49.  However, in conducting a summary inquiry for the purposes of determining fraudulent joinder, the court does not assess "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only determines whether there is "a possibility that the plaintiff might do so." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005). In other words, where courts choose to pierce the pleadings, the party asserting fraudulent joinder must provide evidence that "negate[s] the possibility" that the non-diverse party may be held liable. *Travis v. Irby*, 326 F.3d at 650

Here, the removing defendants have not negated the possibility of recovery against LA DOTD. Their contention rests entirely on evidence outside the pleadings, as they concede that Plaintiff's complaint states a claim against that party on its face. Defendants rely exclusively on the

5

fact that (1) Plaintiff stated in a deposition that there was no curve or problem with the roadway, or defective signage, that caused the accident, (2) Plaintiff failed to procure an expert concerning the alleged defects on the highway, and (3) testimony of the driver Defendant that the Road did not cause his accident. This evidence does nothing to undermine Plaintiffs allegations that the LA DOTD was negligent for failure to warn. Likewise, that Plaintiff has not yet procured an expert on the alleged highway defect is irrelevant at this juncture, because "lack of substantive evidence as to the non-diverse defendant does not support a conclusion" of improper joinder. Rather, "to establish that [a party] was fraudulently joined, the defendant must put forward evidence that would negate a possibility of liability" on the part of the allegedly improperly joined party. *Travis v. Irby*, 326 F.3d at 650. The testimony that Defendants rely on here do not achieve such negation. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 8) is **GRANTED**.

New Orleans, Louisiana, this 17th day of July, 2014.

_____
UNITED STATES DISTRICT COURT